Judge Robertson
delivered the opinion of the Court.
Weathers Smith obtained a judgment in ejectment, in 1810, against Mitchell, Craig and others, which was revived in 1820. In 1822 the judgment of revivor was reversed, because, as the whole, judgment, as well for costs as for the term, was revived, the personal representatives ought to have been, but were not parties. In the.mean time the heirs of Smith having obtained possession by a habere facias, and afterwards by another scire facias, revived the judgment, the heirs of Mitchell, after the reversal of the first judgment of revivor, sued out a scire facias for restitution of possession; which, after a full trial on a demurrer and several pleas, was awarded by the court, To reverse this last judgment, Smith’s- heirs have brought the case to this court.
It is certainly very unusual to attempt a restitution of possession by scire facias. The usual and most appropriate mode is by motion. But we suppose that the mode of presenting the question, is not very essential, if it be such as will enable the court to try all the *271 facts necessary to a correct decision; If all the requisite facts are of record, (asín this case,) we should incline to the opinion that a scire facias might be tained.
^|.ere" judgment in ejectment, J^wversajl 0f flrst rev;_ vor: error to tode" fendants, plaintiffs.havin? obtained lllZTfadJ. The second revivor might it is obligatory upon the courts‘
But the process should have been conformable to the right of the parties as exhibited by the record, And, therefore, all the persons who had been evicted ought to have been plaintiffs. Mitchell’s heirs alone, could not prosecute a scire facias, on a record which shows that they are only a part of the defendants who had a right to be relieved, by the judgment demanded by them. As they thought proper to resort to a scire facias, they should have been required to proceed according to the established law in relation to such a remedy. And no principle is better settled than that a scirefacias must correspond with the record.
The court erred, therefore, in sustaining the scire facias.
It also erred in rendering judgment of restitution, after Smith’s heirs had revived the judgment in ejectment, subsequently to the reversal of the first judgment of revivor. It is true that it is alleged that the scire facias which was issued to obtain this last revival, issued against only one of the original defendants, and Roseberry, who was asserted to be the tenant of Smith’s heirs. It is equally true that neither th'e scire facias lior the judgment upon it, shows that the term had not expired. But these objections cannot prevail before this court now. The judgment is not a nullity by reason of the alleged want of adversary parties. The evidence tends to prove that Roseberry was not the tenant of the Smith’s when the scire facias issued against him'; and the sheriff, in his return of service on him, states, that he was terre-tenani of Craig, one of the original defendants in the action óf ejectment. So far then, as the question of tenancy was concerned, the court had a right, on these' facts, to revive the judgment in ejectment, as it did, in favor of Smith’s heirs.
Restitution of possession is not a matter of course, after the reversal of a judgment under which it had Been acquired. But whether there shall, in such a- *272 case, be' restitution, is a question addressed to the sound discretion of the court, on all the circumstances. Restitution should be awarded unless some good reason can be shown to the contrary. The facts, that it was conceded, that Smith’s heirs held the superior title, had obtained a judgment thereon, were accordingly in the possession of the land, o'r by a judgment of revivor, unreversed and in full force, seethed entitled to the possession, might have been sufíicieht to justify a refusal of an order for restitution. The court which rendered the last judgment of revivor, could not disregard of resist it, however erroneous it might be. If it were right and irreversable, it would interpose an insuperable barrier to the restitution. It must be considered by the circuit court as right, until reversed. Besides, a restitution of possession to Mitchell’s heirs, might do irreparable injury to Smith’s heirs; and we dee enough in the record to show that it would. A refusal to award restitution, could not materially injure Mitchell’s heirs; because Smith’s heirs w.eve entitled to the land, and had been .kept out. of its use many years; and their judgment for execution was reversed on. a technical ground, which does not affect fhe merits of their, claim. The court ought not, therefore, to have felt itself bound to grant the restitution. A liberal and sound discretion might well have Fefused itj and we think that the court had no right to do otherwise, than refuse it in this case. The'defect of parties, and the unreversed judgment of fevivor alone; should have been conclusive.
Restitution, after reversal of judgment, not a matter of right; but dependant upon the sound discretion of the court;
Hanson and Talbott, for appellants; Crittenden, for appellees.
Wherefore, the judgment of the circuit court is reversed.